IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELLIOTT ROOFING, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. CIV-16-980-D |
| JEDSON ENGINEERING, INC., | ) |
|     Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| CP KELCO U.S. INC., | ) |
|     Third-Party Defendant. | ) |

## **ORDER**

Before the Court is CP Kelco's Motion to Dismiss or, in the Alternative, Stay [Doc. No. 19]. Third-Party Defendant CP Kelco U.S., Inc. ("CPK") seeks a dismissal or stay of this action under the *Colorado River*[1] abstention doctrine due to a parallel state court proceeding between the parties. Alternatively, CPK moves for a dismissal of the Third-Party Complaint of Defendant Jedson Engineering, Inc. ("Jedson") pursuant to Fed. R. Civ. P. 12(b)(3) and (6). CPK contends Jedson does not state a third-party claim that can properly be asserted under Fed. R. Civ. P. 14(a), and that a mandatory forum selection clause in their contract renders venue improper in this judicial district.

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Both Plaintiff Elliott Roofing, LLC ("Elliott") and Jedson have responded in opposition to the Motion. Elliott asserts that abstention is not warranted, but takes no position regarding dismissal of the Third-Party Complaint. Jedson agrees that abstention is not appropriate, and contends its third-party action against CPK can properly be brought in this forum. CPK has filed a timely reply brief and, on January 12, 2017, filed an authorized supplemental brief. To date, no further briefing has been requested. Thus, the Court finds that CPK's Motion is fully briefed and ripe for decision.

**Factual and Procedural Background**

This case concerns a construction project at CPK's manufacturing facility in Okmulgee County, Oklahoma. Elliott provided roofing work on the project under a contract with Jedson, which was CPK's prime contractor. Elliott initiated this breach of contract action against Jedson in the District Court of Oklahoma County, Oklahoma, on July 21, 2016, alleging nonpayment for its work. Elliott also filed a lien against CPK's property in Okmulgee County. Another subcontractor seeking payment for its work on the project initiated a breach of contract and lien foreclosure action in the District Court of Okmulgee County on August 8, 2016. *See Miller Valve & Controls, Inc. v. Jedson Eng'g, Inc.*, Case No. CJ-2016-127 (Dist. Ct. Okmulgee Cty., Okla.). The defendants in the *Miller* case are Jedson, CPK, and other subcontractors, including Elliott, all of which have asserted claims against each other. All of the parties' claims in this case (as well as additional claims) are asserted in the *Miller* case.

2

After *Miller* was filed, Jedson was served with process in this case, and promptly removed the case to federal court on August 25, 2016. The Court initially found that the Notice of Removal failed to establish subject matter jurisdiction based on diversity of citizenship, and directed Jedson to file an amendment. Jedson cured the deficiency by the Second Amended Notice of Removal filed September 12, 2016, and then promptly filed its Third-Party Complaint against CPK on September 16, 2016.

The primary focus of CPK's Motion is federal abstention. CPK contends this case and the *Miller* case constitute parallel actions because every claim asserted in this case has also been filed in *Miller*. CPK argues that all relevant factors identified in *Colorado River*, and additional factors recognized in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), weigh in favor of abstention and the dismissal or stay of this action. For reasons discussed *infra*, the Court is persuaded that abstention is warranted and, therefore, does not reach the remainder of CPK's asserted grounds for dismissal.

**Abstention**

The *Colorado River* doctrine authorizes a federal court to abstain from hearing a case within its jurisdiction due to the existence of a parallel state court proceeding. *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). The doctrine rests on a desire for judicial economy, not constitutional concerns about federal-state comity, and requires a determination that "there exist '*exceptional circumstances, the clearest of justifications*, that can suffice under *Colorado River* to justify the surrender of jurisdiction.'" *Id.* at

1303 (quoting *Moses H. Cone*, 460 U.S. at 25-26) (emphasis added in *Rienhardt*). Under this doctrine, a district court has the power to stay or dismiss a case in deference to a concurrent state court proceeding; "the avoidance of duplicative litigation . . . is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013).

In deciding the application of the *Colorado River* doctrine, a threshold issue is whether the federal and state actions are parallel. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir 2002); *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). In determining this issue, an "exact identity of parties and issues is not required. Rather, state and federal proceedings are sufficiently parallel if 'substantially the same parties litigate substantially the same issues.'" *Las Cruces*, 289 F.3d at 1182 (quoting *Fox*, 16 F.3d at 1081 (internal quotation omitted)).

This case clearly parallels the *Miller* case, given the undisputed fact that all of the parties to this case are simultaneously asserting the same claims against each other in that case. Although the *Miller* case involves additional parties and claims,[2] this difference does not alter the fact that this case, as between the parties involved, is duplicative of a state court proceeding involving identical claims.

---

[2] Publicly available state court records regarding the *Miller* case show that additional parties have been added and a substantial amount of motion practice has occurred in state court while CPK's Motion has been pending in this case, but the *Miller* case has not proceeded to trial. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=okmulgee&number=CJ-2016-127. The Court can properly take judicial notice of such records. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

4

The Supreme Court has identified four factors to consider in determining whether to invoke the *Colorado River* doctrine: "(1) whether the state or federal court first assumed jurisdiction over the same res; (2) 'the inconvenience of the federal forum'; (3) 'the desirability of avoiding piecemeal litigation'; and (4) 'the order in which jurisdiction was obtained by the concurrent forums.'" *Osguthorpe*, 705 F.3d at 1234 (quoting *Colorado River*, 424 U.S. at 818). Under the fourth factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Further, the factors are not a "mechanical checklist;" instead, "[t]he weight to be given any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* at 16. In *Moses H. Cone*, the Supreme Court "supplemented its original *Colorado River* framework with additional factors for courts to weigh when deciding the appropriateness of abstention[:] . . . whether 'federal law provides the rule of decision on the merits,' and whether 'the state-court proceedings adequately protect the litigants' rights." *Osguthorpe*, 705 F.3d at 1235 (quoting *Moses H. Cone*, 460 U.S. at 23, 26-27) (citations omitted).

Upon consideration of the pertinent factors in this case, the Court finds that abstention is warranted under the circumstances. First, the *Miller* case involves claims to foreclose and determine the priority of liens against real property, and to this extent, the state court is exercising authority over a res that may be outside the jurisdiction of this Court. The second factor is neutral; no party can persuasively contend either forum is

more convenient than the other. "The state and federal courthouses involved . . . are at no great geographical distance from each other, and no party has suggested any physical or logistical inconvenience suffered as a result of litigating in dual forums." *Osguthorpe*, 705 F.3d at 1234. Similarly, the fourth factor does not favor either forum; neither case has consumed a substantial amount of judicial resources to date. Although discovery has begun in the *Miller* case and the case has presumably advanced further than this one, no showing has been made that the state court has yet decided any substantial issue.[3] There is no contention that any federal law is involved that would weigh in favor of a federal court decision, and no party contends its rights will not be adequately protected in the state court proceeding.

"The 'paramount' consideration in *Colorado River* was the third factor: 'the danger of piecemeal litigation.'" *Osguthorpe* 705 F.3d at 1234 (quoting *Moses H. Cone*, 460 U.S. at 19). The Court finds that this factor also weighs heavily in favor of abstention in this case, to achieve judicial economy and avoid a duplication of resources. This case and the *Miller* case involve overlapping and competing claims to proceeds of the same prime contract. In both cases, Jedson and CPK blame each other for problems encountered on the construction project, and determining their competing claims of fault and damages will be critical to the resolution of both cases. Jedson asserts in the state court action that some subcontractors may be a fault as well and that a full development of the facts will be needed to resolve all the issues. Duplicative litigation in different

---

[3] Pursuant to Rule 26, discovery cannot begin in this case until the parties have conferred and developed a discovery plan. *See* Fed. R. Civ. P. 26(d)(1), (f).

forums raises the danger of piecemeal litigation and inconsistent determination of the same issues. This critical factor counsels strongly against letting the two cases proceed simultaneously.

Further, as a practical matter, the *Miller* case provides a means of resolving the entire dispute among the parties regarding the project. Elliott has not asserted, and perhaps cannot assert, a lien claim in this case; it is pursuing that claim only in the *Miller* case. However, if Jedson's recovery under the prime contract is insufficient to pay all subcontractors, as suggested by Jedson, then Elliott's quest to be paid for its work on the project may necessarily involve lien foreclosure. Elliott argues that the *Miller* case will be complex and "likely take years to adjudicate," while its "relatively straight forward breach of contract claim" may be resolved "rather quickly." *See* Pl.'s Resp. Br. [Doc. No. 22] at 7. Elliott also argues that if its lien claim in the *Miller* case is subjected to a proportionate reduction as required by Oklahoma law, it will be unable to recover the full measure of its damages. *Id*. at 7-8. This argument suggests Elliott is engaged in forum shopping aimed at placing itself above other subcontractors on the project. A court may properly consider whether the party opposing abstention has engaged in forum shopping. *See Fox*, 16 F.3d at 1082; *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc*., 793 F.3d 1177, 1190 (10th Cir. 2015).

In summary, the applicable factors and the underlying principles of *Colorado River* weigh heavily in favor of federal abstention to permit a concurrent state court

7

proceeding to resolve the claims of all interested parties, including nonparties to this case whose presence might destroy diversity of citizenship.

Regarding the issue of whether to dismiss or stay this action, the Tenth Circuit has stated:

> We think the better practice is to stay the federal action pending the outcome of the state proceedings. In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action.

*Fox*, 16 F.3d at 1083 (citations omitted). Thus, while the Court can discern no claim that might remain for decision after the disposition of the *Miller* case, and no party suggests one, the Court will follow the court of appeals' guidance and stay rather than dismiss this case.

**Conclusion**

For these reasons, the Court concludes that this case should be stayed during the pendency of state court litigation between the parties concerning the same issues. If any issue raised by Plaintiff's pleading or Jedson's Third-Party Complaint remains unresolved after the state court case is concluded, any party to this case may move for the stay to be lifted in order to proceed to judgment on the claims asserted in this case.

IT IS THEREFORE ORDERED that CP Kelso's Motion to Dismiss or, in the Alternative, Stay [Doc. No. 19] is GRANTED in part and DENIED in part, as set forth herein. The Court orders a stay of this case pending the final disposition of *Miller Valve*

*& Controls, Inc. v. Jedson Engineering, Inc.*, Case No. CJ-2016-127 (Dist. Ct. Okmulgee Cty., Okla.).

IT IS FURTHER ORDERED that this case shall be administratively closed for the duration of the stay. The Clerk of Court is directed to administratively terminate this action in her records, without prejudice to the right of any party to file a motion to reopen the case within 30 days after the entry of a final judgment in the *Miller* case.

IT IS SO ORDERED this 9th day of March, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE